UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SAMUEL W. HIRSCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 1:17-CV-209-TRM-SKL |
| v. | ) |
| | ) |
| TONY MAYS and HERBERT | ) |
| SLATERY, | ) |
| | ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

On July 17, 2017, Petitioner, Samuel W. Hirsch filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his confinement under a Hawkins County Criminal Court best-interest plea to first-degree felony murder where Petitioner was sentenced to life without the possibility of parole [Doc. 1 p. 1]. Respondents filed a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1) [Doc. 8]. Petitioner replied to Respondents' motion and within his reply included requests for an extension of time and appointment of counsel [Doc. 10].

Based on the following, the Court finds that Respondent's motion to dismiss [Doc. 8] will be **GRANTED** and this § 2254 petition will be **DISMISSED** as time-barred.

## I. PROCEDURAL HISTORY

On June 6, 2014, Petitioner entered a best interest plea to first-degree felony murder and was sentenced to life without the possibility of parole. *Hirsch v. State*, E2015-02127-CCA-R3-PC, 2016 WL 3952032 (Tenn. Crim. App. July 19, 2016); *perm. App. Denied* Tenn. Nov. 16, 2016. He then filed a timely pro se petition for post-conviction relief on April 20, 2015 [*Id.*]. Following

the appointment of counsel and a hearing on the petition, the post-conviction court denied relief and dismissed the petition [*Id*.]. Petitioner appealed and on July 19, 2016, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the post-conviction trial court's ruling [*Id*.]. Thereafter, the Tennessee Supreme Court ("TSC") denied Petitioner permission to appeal.

On or around July 17, 2017, Petitioner filed this pro se petition for writ of habeas corpus [Doc. 2]. In response, Respondents filed a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1) [Doc. 8]. Petitioner replied to Respondent's motion on September 7, 2017 and within his reply included requests for extension of time and appointment of counsel [Doc. 10].

## II.     STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id*. The one-year period is tolled, however, during the pendency of a properly filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2). Respondent contends that the petition, as submitted to the prison mailroom[1] on July 13, 2015, is time-barred by one hundred sixty-two days (162) days [Doc. 9 p. 4].

---

[1] Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in federal courts. *Cook v. Steall*, 295 F.3d 517, 521 (6th Cir. 2001).

The record reflects that Petitioner pled guilty, pursuant to a best-interest plea, on June 6, 2014, and did not seek a direct appeal. Thirty days later, on July 7, 2014, when the time expired for filing a direct appeal, *see* Rule 4(a), Tenn. R. App. P., Petitioner's conviction became final and, on the next day, July 8, 2014, AEDPA's one-year clock began to run.[2] *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (finding that, for purpose of computing periods of time tied to § 2254's limitation statute, "the day of the act, event, or default from which the designated period of time begins to run shall not be included") (citing to Fed. R. Civ. P. 6(a)). Petitioner, therefore, had until July 7, 2015, in which to seek federal habeas corpus relief.

However, the statute of limitations tolled on April 20, 2015, 287 days after his conviction became final, when Petitioner filed his petition for post-conviction relief. The TCCA affirmed Petitioner's conviction on direct appeal and the TSC denied permission to appeal on November 16, 2016. Thus, the limitations period resumed the following day on November 17, 2016, with 78 days remaining in the limitations period. *DiCenzi v. Rose*, 452 F.3d 465, 468-469 (6th Cir. 2006) (When the state court proceedings that tolled the limitations period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew.)

Petitioner's time to seek federal habeas review expired 78 days later on February 2, 2017. However, Petitioner did not file the instant petition until July 13, 2017, well after his one-year limitations period expired. As such, the instant federal habeas corpus petition [Doc. 2] is untimely under 28 U.S.C. § 2244(d)(1) and must be dismissed with prejudice, unless Petitioner can establish that he is entitled to equitable tolling.

---

[2] Though a direct appeal must be filed within thirty days from the date Petitioner's conviction became final, Petitioner had 31 days to submit his appeal because the thirtieth day fell on Sunday, July 6, 2014. *See*, Fed. R. Civ. P. 6(a)(1)(C) (stating that, if the last day of the period is a Saturday, Sunday, or a legal holiday, the period continues to run until the end of the next day that is not a legal holiday).

**III.  EQUITABLE TOLLING**

Petitioner does not deny his habeas petition was untimely filed.  Instead, he seeks to excuse his late filing on the grounds that he lacked knowledge of the Federal Habeas Corpus law and had limited access to a law library.

The one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (observing that limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citation omitted).  Whether the statute should be equitably tolled depends upon whether the petitioner shows that he has been diligent in pursuing his rights and that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day").  A petitioner bears the burden of showing that he is entitled to equitable tolling. *Id*.  The decision as to whether the statute should be equitably tolled must be made on a case-by-case basis.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Moreover, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotation marks omitted).

Petitioner first argues that the statute of limitations should be tolled because he is not educated in the law and was unaware of the statute of limitations.  The Sixth Circuit, however, has concluded that the AEDPA statute clearly notifies defendants how AEDPA's statute of limitations applies to their cases and notice by means of a statute is adequate notice of the federal

4

habeas corpus filing requirements.  *See Allen v. Yukins*, 366 F.3d 396, 402–03 (6th Cir. 2004).

The clear statutory provisions of AEDPA regarding the statute of limitations provided Petitioner

constructive knowledge of the filing deadline.

Moreover, case law shows that Petitioner's lack of notice of the filing requirement is not

sufficient to justify equitable tolling as ignorance of the law alone is insufficient to warrant

equitable tolling.  *Id*.; *Miller v. Cason,* 49 F. App'x 495, 497 (6th Cir.2002) ("[The petitioner]'s

lack of knowledge of the law does not excuse his failure to timely file a habeas corpus

petition."); *Moore v. United States,* 438 F. App'x 445, 449 (6th Cir. 2011) ("Ignorance of the

law, even by an incarcerated pro se prisoner, is not grounds to toll the statute."); *Brown v. United

States,* 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll

the limitations period.").  Accordingly, Plaintiff's ignorance of the statute of limitations is not an

extraordinary circumstance requiring the tolling of the one-year statute of limitation.

Next, Petitioner argues that the statute of limitations should be tolled because beginning

May 27, 2016, he was placed "in the hole" for around nine months with no physical access to the

law library [Doc. 10 p. 1].  Although he was unable to physically access the law library,

Petitioner states he had the assistance of a legal aid while placed in the hole [*Id*.].  Petitioner

claims that, based on his ignorance of the law, he did not utilize the legal aid offered to him

because he did not know what questions to ask [*Id*.].

The Sixth Circuit has found that limited access to the law library does not warrant

equitable tolling.  *Hall v. Warden, Lebanon Corr'al Inst.*, 662 F.3d 745, 752 (6th Cir. 2011).

Even though Petitioner's access to the law library and other legal materials was more restricted

than general population inmates, that alone does not entitle him to equitable tolling.  *See, e.g.,

Hall*, 662 F.3d at 752 ("[Petitioner's] inability to access the transcript of his trial is unfortunate.

5

But it is not enough, even in combination with his pro se status and limited law–library access, to warrant the equitable tolling of AEDPA's limitations period."); *accord Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) ("Generally, to qualify as 'extraordinary circumstances,' the petitioner must show more than just his status as pro se or his limited access to a law library."); *Hawkins v. Warden, Ross Corr. Inst.*, 2015 U.S. Dist. LEXIS 30173 (S.D. Ohio Mar. 11, 2015) ("A prisoner's pro se incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials together or alon[e] do not provide a sufficient justification to apply equitable tolling of the statute of limitations.").

Because Petitioner has failed to establish that he was prevented from receiving any legal materials or access to legal aid during the relevant time, the Court finds that he has failed to establish that he pursued his rights diligently, and also failed to show that some extraordinary circumstance stood in his way preventing a timely filing. As such, Petitioner has failed to satisfy his burden of demonstrating that he is entitled to equitable tolling, without which, the instant petition is untimely.

## IV. CERTIFICATE OF APPEALABILITY

The Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling saves this otherwise untimely petition. Nor would reasonable jurists conclude that the timeliness or equitable-tolling issues "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that jurists of reason would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court was correct in its procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001).

Therefore, the Court will **DENY** issuance of a Certificate of Appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**V.    CONCLUSION**

For these reasons, Respondent's motion to dismiss [Doc. 8] is **GRANTED** and this action will be **DISMISSED.**

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**